# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:07CR2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ) | |
| CHRISTOPHER ALLEN WIKSTROM ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's appeal from the denial by the Magistrate Judge of his motion for release pending sentencing.

## I. PROCEDURAL HISTORY

The Defendant and two co-Defendants were indicted on February 6, 2007, with one count of possession of pseudoephedrine with the intent to manufacture methamphetamine and one count of conspiracy to manufacture and possess with the intent to distribute methamphetamine. **Bill of Indictment, filed February 6, 2007.** Count Two alleges the conspiracy was involved in at least 500 grams of a mixture or substance

containing a detectable amount of methamphetamine and that amount was foreseeable to each Defendant as well. *Id.* The Defendant faces imprisonment of up to 20 years as to Count One and a mandatory minimum sentence of 10 years and not more than life imprisonment for Count Two. **21 U.S.C. § § 841(c)(1), 841(b)(1)(A)(viii).**

On May 21, 2007, the Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to both counts of the indictment. **Plea Agreement, filed May 21, 2007, at 1.** On June 1, 2007, the Defendant and counsel appeared before the Magistrate Judge for a Rule 11 hearing and the Defendant formally entered his guilty pleas. **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 1, 2007.** Defense counsel made an oral motion for bond pending the Defendant's completion of the Jail Based Inpatient Program.[1] Citing the Defendant's potential maximum sentence in connection with a drug crime and his past criminal history, including a felony conviction for possession of marijuana and convictions for acts of violence, the Magistrate Judge ordered him detained pending sentencing. **Order of Detention, filed June 6, 2007.**

---

[1] The Magistrate Judge initially ordered the Defendant detained at his arraignment on March 16, 2007, but allowed him to participate in the Jail Based Inpatient Treatment Program. **See Order, filed March 19, 2007.**

## II. STANDARD OF REVIEW

>The judicial officer *shall order* that a person who has been found guilty of an offense [for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act] and is awaiting imposition or execution of sentence be detained unless-
>>(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>>(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>>(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

**18 U.S.C. § 3143(a)(2).**

## III. DISCUSSION

The Defendant cannot meet the requirements of this statute. While he argues that he will soon complete the Jail Based Intensive Treatment program for drug abuse, the fact remains that under the statutory language, the Defendant cannot show that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that the Government has recommended that no sentence of imprisonment be imposed. This Court is, therefore, required to order detention pending sentence, as the language of the statute is mandatory.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's appeal is hereby **DENIED**, and the Magistrate Judge's Order of detention is **AFFIRMED**.

Signed: June 15, 2007

Lacy H. Thornburg
United States District Judge